Joseph D. BILLY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7244.

Court of Appeals of Alaska.

July 14, 2000.

G. Blair McCune, Deputy Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Joseph D. Billy was convicted of sexually abusing a young boy. We affirmed Billy's conviction on appeal. *See Billy v. State,* Alaska App. Memorandum Opinion No. 3205 (August 2, 1995). Billy then filed a petition for post-conviction relief, alleging that he had received ineffective assistance of counsel at his trial. In particular, Billy asserted that

his attorney had incompetently failed to object to certain testimony elicited by the prosecutor.

Superior Court Judge Dale O. Curda denied Billy's petition. Judge Curda concluded that, even though Billy's trial attorney might have made mistakes by failing to object to the challenged testimony, the attorney's mistakes were not so egregious as to fall below the minimum level of competence expected of criminal law practitioners. As an additional reason for denying relief, Judge Curda ruled that Billy had failed to establish any reasonable possibility that the admission of the challenged testimony affected the outcome of Billy's trial. Judge Curda noted that Billy's petition "completely failed to address the issue of ... prejudice". The judge conceded that, in some circumstances, the introduction of particular inadmissible evidence might be prejudicial on its face. But Judge Curda (who had presided over Billy's trial) concluded that the challenged evidence in Billy's case was not obviously prejudicial; thus, Billy had not carried his burden of demonstrating a reasonable possibility of prejudice.

■ A criminal defendant who alleges ineffective assistance of counsel must demonstrate both (1) that their attorney failed to act with the minimum competency expected of criminal law practitioners, and (2) that there is a reasonable possibility that the attorney's lack of competency contributed to the result.[1] As Judge Curda correctly noted, a defendant who alleges ineffective assistance of counsel must do more than present "a mere conclusory or speculative allegation of harm".[2] Billy's pleadings in the superior court mention the requirement of proving prejudice, but Billy never argues this point other than to assert, conclusorily, that the attorney's mistakes must have affected the result. We agree with Judge Curda that Billy failed to satisfy his burden of pleading on this issue.

■ After Judge Curda issued his decision (in particular, his ruling that Billy had failed to adequately allege prejudice), Billy did not ask Judge Curda for permission to file a supplemental pleading to address the issue of prejudice. Instead, Billy filed an appeal to this court. In this appeal, Billy asserts that his superior court pleadings sufficiently addressed the issue of prejudice because it was self-evident that the challenged testimony could have affected the outcome of his trial. We do not agree.

■ Whether particular testimony may have affected the outcome of a trial is a question that seldom provides its own self-evident answer. Normally, to show prejudice, a defendant must discuss the importance of the challenged testimony in relation to the litigation strategies of the parties, the material issues of fact that were disputed at trial, and the other evidence presented on those disputed issues. Billy's superior court pleadings contained no such discussion.

Because Billy failed to meet his burden of pleading the "prejudice" component of his ineffective assistance of counsel claim, Judge Curda could properly dismiss Billy's petition for post-conviction relief. The judgement of the superior court is AFFIRMED.

---

1. See *Risher v. State*, 523 P.2d 421, 424–25 (Alaska 1974); *State v. Jones*, 759 P.2d 558, 575 (Alaska App.1988).

2. *State v. Jones*, 759 P.2d at 573.